UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>HUGO TERRY,<br><br>                             Defendant. | Case No.: 3:23-CR-1148-LL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION HEARING AND TO SET BAIL**<br><br>**[ECF No. 29]** |
|---|---|

Before the Court is Defendant's Motion for Reconsideration of Detention Hearing and to Set Bail. ECF No. 29. At Defendant Hugo Terry's ("Defendant") initial appearance on May 19, 2023, the Government moved to detain him based on serious risk of flight and danger to the community. ECF No. 3. After a hearing that day, the Court granted the Government's motion. ECF No. 7. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance. *Id.* The Court found the following factors supported an order of detention: the nature and circumstances of the offense; criminal history; violations of probation, parole, or supervised release; lack of stable residence; significant family or other ties outside the United States; history of alcohol or substance abuse; and the weight of the evidence (although the least important factor). *Id.*

Defendant now seeks reconsideration of the Court's detention order. Defendant requests that the Court set pretrial release conditions, including a personal appearance bond in the amount of $25,000 secured by Defendant's brother and a $2,500 cash deposit, and that Defendant be released directly to a residential treatment program. Defendant argues that conditions of pretrial release should be set based on additional information provided in the Motion regarding his history and characteristics and his criminal history.

The Government opposes the motion and argues that the factors set forth in the Bail Reform Act, 18 U.S.C. § 3142, weigh heavily in favor of detention. In particular, the Government points to Defendant's criminal history, which includes multiple supervised release violations, and Defendant's strong ties to Mexico, where he has lived for many years.

The Government has charged Defendant with violating 21 U.S.C. §§ 952 and 960 by unlawfully importing a detectable amount of cocaine and methamphetamine. The maximum term of imprisonment for those charges is twenty years. 21 U.S.C. § 960(3). Under the Bail Reform Act, "[s]ubject to rebuttal by the person, it shall presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when a person is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in … the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) … ." . Thus, the Court begins with a presumption that Defendant should be detained.

The Court is not persuaded that the additional information provided by Defendant rebuts the presumption of detention. Although the Court recognizes and appreciates the Defendant's brother's offer to support him during the pretrial process and Defendant's willingness to enter into residential treatment, the Court does not find these additional facts sufficient to overcome the presumption. The Defendant's repeated violations of supervised release, his past conviction for a similar drug importation offense, and his strong ties to Mexico continue to weigh in favor of detention.

      Therefore, the Court **DENIES** Defendant's Motion for Reconsideration of Detention Hearing and to Set Bail.

      **IT IS SO ORDERED.**

Dated:  October 13, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge